# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| RUSSELL MARTIN, | No. 55221-3-II |
| Appellant, | |
| v. | |
| CITY OF LAKEWOOD, a Washington Governmental Entity, | UNPUBLISHED OPINION |
| Respondent. | |

PRICE, J. — Lakewood Police Officer Russell Martin brought a lawsuit under the Public Records Act (PRA)[1] against the City of Lakewood. Martin's lawsuit related to his PRA request for records from the Lakewood Police Department's investigation into him as an officer. In response, the City brought a motion for summary judgment that was granted by the superior court. The superior court dismissed Martin's case and awarded sanctions to the City. Martin appeals the superior court's award of sanctions.[2] We hold that the superior court erred in awarding sanctions and reverse.

---

[1] Ch. 42.56 RCW.

[2] In a separate appeal, Martin argues that the superior court erred by granting the City's underlying motion for summary judgment. The appeal of the underlying summary judgment motion is not before this court, so we limit our consideration to the superior court's order on sanctions.

FACTS

In 2019, the Lakewood Police Department conducted two separate but related investigations into officers following allegations of dishonesty and misconduct. The first investigation involved a single officer being investigated for dishonesty and was labeled 2019-PSS-003 (PSS003).[3] The second investigation involved officers Jeremy Vahle and Martin and was labeled 2019-PSS-004 (PSS004). Vahle and Martin were being investigated for failure to report the alleged dishonesty of the first officer.

In the PSS004 investigation, allegations against Vahle were sustained. Prior to his union discipline hearing, Vahle was provided with a thumb drive containing documents related to the investigation into his conduct. Included on the thumb drive was an interview with Sgt. Charles Porsche, the supervisor of the officer who was the subject of the PSS003 investigation.

PUBLIC RECORDS REQUESTS AND LAWSUIT

After the conclusion of the investigations, Martin made two public records requests to the City of Lakewood. First, Martin requested records related to the second investigation, specifically, "[a]ll documents and recordings related to [PSS004]." Clerk's Papers (CP) at 58. Then, about a month later, Martin made the following request related to the first investigation: "All documents and recordings related to [PSS003]." *Id.* at 31.

The City responded to both of Martin's requests, providing him with documents and redacting information determined to be exempt from disclosure. In response to his request for documents and recordings related to PSS004, Martin received the following files:

---

[3] PSS stands for "Professional Standards Section," which is a division of the Lakewood Police Department. CP at 30.

> Jeremy-Vahle-2019PSS-004.mp4
> Russ-Martin-2019PSS-004.mp4
> Suver-2019PSS-003---004.mp4
> Suver-re-interview-2019PSS-004.mp4
> Vahle determination.pdf
> 2019PSS-004-redacted.pdf

*Id.* at 14. The provided documents contained references to the PSS003 investigation, including two employee statements that were labeled as being related to both PSS003 and PSS004. The Porsche interview was not provided. Upon providing Martin with the documents, the City informed him that it considered his first request relating to PSS004 closed.

In response to Martin's subsequent request for files related to PSS003, Martin received, among other records, the Porsche interview that was labeled, "Porsche-witness-interview-2019PSS003---004.mp4." *Id.* The employee statement signed by Porsche stated that he was being interviewed "as part of an internal investigation under PSS Control # 003 & 004." *Id.* at 130. Although there was a certain amount of overlap between records provided in response to the PSS003 and the PSS004 requests,[4] and notwithstanding that Porsche's employee statement and the label on the interview carrying references to both investigations, the Porsche interview was provided only in response to Martin's PSS003 request and *not* in response to Martin's PSS004 request. There was no further communication between Martin and the City following the City's responses.

---

[4] Certain documents provided were not labeled but provided in response to both requests. Other documents were labeled as belonging to both investigations but only provided in response to one of the requests. One document was labeled in its file name as belonging to both investigations and was provided in response to both requests.

About seven months after the City's response, Martin filed a complaint for disclosure of public records. Martin alleged that the City had wrongfully withheld documents in response to his public records request for documents related to PSS004. He seemed to argue that the interview of Porsche was sufficiently related to the PSS004 file such that it should have been provided in in response to his request for that file, not just in response to his request for the PSS003 file.

After Martin brought his lawsuit, the City filed a motion for summary judgment. The City argued that the Porsche interview was never used for the PSS0004 file and, therefore, was not responsive to his request for that file. The City further argued that in any event, Martin eventually received all of the requested documents. The superior court granted the City's motion for summary judgment.

Shortly thereafter, the City brought a motion for sanctions asserting that Martin's action was frivolous and advanced without reasonable cause. The City argued that costs and sanctions should be awarded because Martin's action had neither a factual nor a legal basis. The superior court agreed with the City and awarded sanctions because Martin brought the lawsuit without reasonable cause.

Martin appeals the award of sanctions.

ANALYSIS

"The PRA is a strongly worded mandate for broad disclosure of public records." *Dotson v. Pierce County*, 13 Wn. App. 2d 455, 468, 464 P.3d 563, *review denied*, 196 Wn.2d 1018 (2020). The PRA is "liberally construed and its exemptions narrowly construed." RCW 42.56.030. When responding to a request under the PRA, an agency must conduct an adequate search.

4

*Neighborhood All. of Spokane County v. Spokane County*, 172 Wn.2d 702, 721, 261 P.3d 119

(2011). There is not a set definition for what constitutes an adequate search:

> [T]he focus of the inquiry is not whether responsive documents do in fact exist, but whether the search itself was adequate. *The adequacy of a search is judged by a standard of reasonableness, that is, the search must be reasonably calculated to uncover all relevant documents. What will be considered reasonable will depend on the facts of each case. . . .*
>
> Additionally, agencies are required to make more than a perfunctory search and to follow obvious leads as they are uncovered. The search should not be limited to one or more places if there are additional sources for the information requested. Indeed, "the agency cannot limit its search to only one record system if there are others that are likely to turn up the information requested." This is not to say, of course, that an agency must search every possible place a record may conceivably be stored, but only those places where it is reasonably likely to be found.

*Id.* at 719-20 (emphasis added and omitted) (internal citations omitted) (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)).

Furthermore, where an agency violates the PRA in failing to provide a public record, subsequent provision of the record previously wrongfully withheld does not protect the agency from liability. *Id.* at 726-27. The harm occurs at the time the record is withheld. *Id.* "[T]he remedial provisions of the PRA are triggered when an agency fails to properly disclose and produce records, and any intervening disclosure serves only to stop the clock on daily penalties, rather than to eviscerate the remedial provisions altogether." *Id.* at 727.

A superior court may award a prevailing party its costs where it determines that "the position of the nonprevailing party was frivolous and advanced without reasonable cause." RCW 4.84.185. An action is frivolous if, "considering the action in its entirety, it cannot be supported by any rational argument based in fact or law." *Dave Johnson Ins., Inc. v. Wright*, 167 Wn. App.

758, 785, 275 P.3d 339 (2012). This court reviews an award of sanctions under this provision for an abuse of discretion. *Kilduff v. San Juan County*, 194 Wn.2d 859, 877, 453 P.3d 719 (2019).

Here, Martin argues that the superior court erred in granting the City's request for sanctions because his lawsuit was not frivolous. We make no decision on the ultimate merits of Martin's claims or whether the superior court erred in granting the underlying motion for summary judgment to the City. However, given the PRA's broad mandate for disclosure and resulting obligation of agencies to make an adequate search for responsive records, Martin's claims cannot be characterized as frivolous. On this record, there are rational arguments based on both fact and law that the Porsche interview was sufficiently relevant to PSS0004 to have been properly responsive to Martin's PRA request for that file. The fact that Martin ultimately received the Porsche interview in response to a separate request may be relevant to potential damages, but it does not necessarily shield the City from liability. Accordingly, we conclude the superior court abused its discretion in its awarding sanctions to the City.

## CONCLUSION

In conclusion, because Martin's PRA claims cannot fairly be characterized as frivolous, we reverse the superior court's award of sanctions to the City.

6

No. 55221-3-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

MAXA, P.J.

BASSETT, J.P.T.[5]

---

[5] Judge Jeffrey Bassett is serving as a judge pro tempore of the court pursuant to RCW 2.06.150.